LUCIEN PEYTON and ALFRED ALLEN, appellants *v.*
ALEXANDER TAPPAN, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

Where the declaration averred that the defendants made their promissory note
to the plaintiff, Alexander Tappan, and the note produced in evidence, was
made payable to A. H. Tappan, and the plaintiff proved by parol, that Alex-
ander and A. H. was one and the same person, and the holder of the note:
*Held* that the proof sustained the declaration.

THIS cause was tried at the July term, 1837, of the Municipal
Court of the City of Chicago, before the Hon. Thomas Ford.
Judgment was rendered for the appellee for $212,44 and costs.

JAMES GRANT, for the appellants.

J. YOUNG SCAMMON, for the appellee, cited 1 Stark. Ev. 415,
420, 431; 3 Stark. Ev. 1545 note 1, 1582 and note 1, 1580 and
note 1; 13 Johns. 486 : 1 Blackf. 59.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *assumpsit*, commenced in the Municipal
Court of the City of Chicago, by Tappan against Peyton and
Allen.    The plaintiff declared on two promissory notes.    The
declaration alleges that the defendants made their notes, and
thereby promised to pay the plaintiff the sums of money therein
named.    The declaration also contains the common money
counts.    The defendants pleaded non assumpsit.    The cause
was tried by the Court without a jury.    On the trial of the cause,
the defendants demurred to the evidence of the plaintiff, to
which the plaintiff joined.    The demurrer states that the plaintiff
read the notes on the trial, by which it appeared that the notes
were payable to A. H. Tappan.    The plaintiff also proved that

Alexander Tappan, the plaintiff, and A. H. Tappan were the same person, and the holder of the notes. On this evidence, the Court below gave judgment for the plaintiff.

It is assigned for error that the Court overruled the defendants' demurrer to the plaintiff's testimony. It was contended on the argument, that in order to receive the note and oral testimony as evidence, it ought to have been alleged in the declaration, that the note was made to the plaintiff by the name of A. H. Tappan. This mode of declaring is unnecessary. The averment in the declaration that the note was made to the plaintiff, is proved by producing a note payable to A. H. Tappan, and proving that A. H. Tappan and Alexander Tappan are the same person. The evidence was also admissible under the money counts. The judgment is therefore affirmed with costs.

*Judgment affirmed.*